(No. 74-CC-812—

HOLDER MOVING AND STORAGE, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF PUBLIC AID, Respondent.

*Opinion filed April 7, 1975.*

HOLDER MOVING AND STORAGE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

BURKS, J.

This matter is now before the court for a ruling on respondent's motion to dismiss [filed August 21, 1974]. Respondent states in its motion that this claim has been satisfied, and should, therefore, be dismissed pursuant to §48(f) of the Civil Practice Act.

Although claimant has filed no objections to respondent's motion, we find nothing in the record to support respondent's contention that this claim has been satisfied. It is apparent to the court, however, that there are other good and sufficient reasons for dismissing this claim.

It appears from the report from the Department of Public Aid dated August 12, 1974, that this particular claimant has not been paid for moving and storage services rendered to the public aid recipient, Margaret Lampkin. The Department states that it did authorize $86.24 for moving expenses in the case and did pay this amount to the aid recipient for this purpose. The Department further states that apparently the recipient did not pay the claimant. Under these circumstances, the court must assume that there was no privity of contract

between the Department and this claimant, as, sometimes does exist between this Department and a vendor of moving services to a public aid recipient. Hence, the claimant must look to the public aid recipient for payment of its claim.

Unless a claim is properly presented to this court, it is not our function to mediate contractual matters between the Department of Public Aid and vendors of goods or services to public aid recipients.

In the instant cause, no copy of a contract was attached to the complaint as required by Rule 5C in all claims based on an alleged contract. Moreover, claimant admits in its invoice attached to the complaint, that Margaret Lampkin was personally responsible for the payment of $93.35 on its total bill for moving and storage, and that only $86.24 was chargeable to the state in any event.

Payment of the $86.24 was not refused on the grounds that funds appropriated for such payment had lapsed, as claimant stated in its complaint. Payment in this amount was paid to the public aid recipient, Margaret Lampkin. The claimant could have collected the said amount from the aid recipient before it released the goods which it moved and stored.

It Is Hereby Ordered that this claim be and the same is hereby dismissed.